IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW BRIAN VOGT,

Plaintiff,

v.

JEFFERSON COUNTY SHERRIF'S DEPARTMENT, DEPUTY SKIDGEL, and CAPTAIN HECKATHORN,

Defendants.

3:14-cv-01224-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

Plaintiff Matthew Brian Vogt ("Vogt"), proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against defendants Bryan Skidgel, Jefferson County Deputy ("Deputy Skidgel"); Marc Heckathorn, Jefferson County Captain ("Captain Heckathorn"); and the Jefferson County Sheriff's Department (collectively, "Defendants"). Vogt alleges Defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Before

1 – OPINION AND ORDER

the court is Defendants' Motion for Summary Judgment. ECF No. 44. I have considered the motion, the supporting declarations and exhibits, and the pleadings on file. For the reasons set forth below, Defendants' Motion should be granted.

## BACKGROUND

### I.     Vogt's Arrest by Deputy Skidgel

On August 1, 2012, Donnie Parks ("Parks") informed Deputy Skidgel that he had found Vogt on his property with a camp trailer and vehicle, as well as garbage strewn about the premises. Skidgel Decl. 3-4, ECF No. 46. Parks said that he had asked Vogt to remove his belongings and leave, because Vogt had been evicted from the property about two years prior. *Id.* at 4. Deputy Skidgel, who had previous contacts with Vogt since his eviction, told Parks he would investigate the matter. *Id.* at 4, 6.[1]

The next day, Deputy Skidgel went to Parks's property and found Vogt's vehicle and camp trailer. *Id.* at 4. Deputy Skidgel asked Vogt why he was trespassing. Vogt responded that he owned the property. *Id.* Deputy Skidgel reminded Vogt that he had been evicted from the property, and that Parks now owned the property. Deputy Skidgel told Vogt to remove his belongings and trash from the property by 5:00 p.m. that day. *Id.* at 4-5. Deputy Skidgel warned Vogt that if he did not leave and remove all of his belongings that day, he would be arrested for trespass and criminal mischief. *Id.* at 5.

The following morning, Deputy Skidgel drove by the property and saw that Vogt had not removed anything. *Id.* Deputy Skidgel returned the next day, August 4, 2012, and Vogt still remained on the property. *Id.* Deputy Skidgel again talked to Vogt, who claimed that he owned the property. *Id.* at 5; Am. Compl. ¶ 1. Deputy Skidgel then arrested Vogt for criminal trespass

---

[1] Vogt alleges he owns the property and had proof of ownership. Am. Compl. 3. Kate Zemke, Chief Deputy Clerk of the Jefferson County Clerk, testifies Parks has been the owner of the property since May 2010, however, and a deed has been submitted as affirmation. Zemke Decl. 2 & Ex. 103, ECF No. 45.

2 – OPINION AND ORDER

in the second degree and criminal mischief in the third degree. Skidgel Decl. 5. Vogt alleges Deputy Skidgel promised to secure his trailer before it was removed from the property but failed to do so. Am. Compl. ¶ 1. Deputy Skidgel testifies he secured Vogt's trailer after placing Vogt in custody, and he photographed the trailer and property before leaving. Skidgel Dec. 6; *see* Exs. 101, 104-106.

## II. Vogt's Encounter with Captain Heckathorn

Following Vogt's arrest on August 4, Bob McDonald ("McDonald"), the owner of Ira's Sales and Services, Inc., arrived at the property and towed Vogt's trailer and vehicle. McDonald Decl. 2, ECF No. 48. McDonald testifies the trailer was padlocked upon his arrival, and he towed the trailer to a secured storage lot. *Id.*

On the morning of August 7, 2012[2] Vogt arrived at the storage lot and was allowed to enter his trailer to remove personal belongings. *Id.* Later, Captain Heckathorn responded to Ira's Sale and Services, Inc., regarding theft of property. Heckathorn Decl. 2, ECF No. 49. Vogt told Captain Heckathorn that several items were missing from his trailer. *Id.* at 3. Captain Heckathorn asked Vogt to record the missing items so they could be added to the report, but Vogt never provided a list. *Id.* Vogt told Captain Heckathorn he believed Parks had taken his property. *Id.* Parks later told Captain Heckathorn that he had never entered Vogt's trailer and did not take any of Vogt's belongings, and that he just wanted Vogt to leave his property. *Id.*

## III. Procedural Background

In July 2014, Vogt filed this civil rights action against the Jefferson County Sheriff's Department. ECF No. 2. After I issued an Order to Show Cause, ECF No. 7, Vogt filed an Amended Complaint joining Deputy Skidgel and Captain Heckathorn as defendants. Vogt alleges that Deputy Skidgel wrongfully arrested him, "was negligent in ascertaining ownership

---

[2] Vogt alleges the incident occurred August 6, 2012. Am. Compl. ¶ 15.

3 – OPINION AND ORDER

of said property," and was "negligent in locking of the trailer which directly resulted in the loss of property," in violation of the Fourth, Fifth, and Fourteenth Amendments. Am. Compl. 3-4. Vogt alleges that Captain Heckathorn performed a "negligent investigation" that caused Vogt to lose "cash, and the valuable documents to show ownership of 'the Property,'" in violation of the Fifth and Fourteenth Amendments.[3] Am. Compl. 5. Further, Vogt alleges the Jefferson County Sherriff's Department failed to adequately train Deputy Skidgel and Captain Heckathorn, which amounted to deliberate indifference of Vogt's Fourth, Fifth, and Fourteenth Amendment rights.

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law governing a claim or defense determines whether a fact is material. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). In evaluating a motion for summary judgment, this court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence. *See, e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–55 (1990).

In civil cases involving a *pro se* plaintiff, the court construes the pleading liberally and affords the plaintiff the benefit of any doubt. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008). Further, *pro se* complaints are held to a less strict standard than those drafted by a

---

[3] Vogt also initially refers to a Fourth Amendment violation in his Amended Complaint. *See* Am. Compl. 5. However, Vogt ultimately alleges "Captain Heckathorn . . . negligently investigated theft of property . . . which violated plaintiff's rights under the Fifth and Fourteenth Amendment [sic]." Am. Compl. 6.

4 – OPINION AND ORDER

lawyer. *Bonner v. Lewis*, 857 F.2d 559, 563 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990) (courts may infer claims from pleadings). However, a *pro se* litigant is not excused from following court rules, including basic pleading requirements. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

## ANALYSIS

Defendants argue: (1) Deputy Skidgel had probable cause to arrest Vogt; (2) Vogt cannot bring a negligence claim under 42 U.S.C. § 1983; (3) Deputy Skidgel and Captain Heckathorn are entitled to qualified immunity; and (4) the Jefferson County Sherriff's Department is not a legal entity capable of being sued. Mot. Summ. J. 4–5.

### I. The Jefferson County Sherriff's Department is a not a proper party here

Defendants argue the Jefferson County Sherriff's Department is not a legal entity capable of being sued. Mot. Summ. J. 18. I agree. This Court, pursuant to Ninth Circuit case law, has ruled that a plaintiff may not separately sue such Oregon entities. *See Updike v. Clackamas Cty.*, No. 3:15-cv-00723-SI, 2015 WL 7722410, *3–*4 (D. Or. Nov. 30, 2015) (collecting cases); *see also Ovitsky v. Wash. Cty. Victim Assistance*, No. 3:12-cv-2250-AA, 2013 WL 1767946, at *5 (D. Or. April 20, 2013) (the Washington County Sheriff's Office "is not a governmental entity subject to suit"). Therefore, Vogt's claim against the Jefferson County Sherriff's Department fails.

### II. Negligence is not a proper basis for 42 U.S.C. § 1983 liability.

Defendants also argue Vogt cannot bring a negligence claim pursuant to 42 U.S.C. § 1983 against Deputy Skidgel or Captain Heckathorn. I agree. "Negligence by state officials does not violate the due process clause of the Fourteenth Amendment." *Caballero v. City of*

5 – OPINION AND ORDER

*Concord*, 956 F.2d 204, 206 (9th Cir. 1992) (collecting cases). Therefore, Vogt's negligence claim against Deputy Skidgel fails. Because Vogt's § 1983 claim against Captain Heckathorn fails on these grounds, summary judgment should also be granted for Captain Heckathorn.[4]

### III. Deputy Skidgel had probable cause to arrest Vogt.

Defendants argue that Deputy Skidgel had probable cause to arrest Vogt, and therefore did not violate Vogt's Fourth Amendment rights. I agree. I conclude that summary judgment should be granted for Deputy Skidgel on these grounds.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. Amend. IV. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). "This court looks to 'the totality of the circumstances known to the arresting officers, [to determine if] a prudent person would have concluded there was a fair probability that [the defendant] had committed a crime.'" *John v. City of El Monte*, 515 F5.3d 936, 940 (9th Cir. 2007) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)) (alterations in original).

Under Oregon law, "A person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully . . . in or upon premises." Or. Rev. Stat. § 164.245 (2016). "Enter or remain unlawfully" means "[t]o enter or remain in or upon premises

---

[4] Similarly, Defendants' argument regarding Captain Heckathorn's qualified immunity does not need to be addressed.

6 – OPINION AND ORDER

when the premises, at the time of such entry or remaining, are not open to the public and when the entrant is not otherwise licensed or privileged to do so." Or. Rev. Stat. § 164.205(3)(a). "'Premises' includes any building and any real property, whether privately or publicly owned." Or. Rev. Stat..§ 164.245(6).

Here, I conclude as a matter of law that Deputy Skidgel had probable cause to arrest Vogt for criminal trespass. Parks told Deputy Skidgel that Vogt was occupying Parks's property, and Vogt had no right or permission to do so. The next day, Deputy Skidgel told Vogt that he did not have permission to remain on the property and warned him that he would be arrested for criminal trespass if he did not leave by that evening. When Vogt was still occupying Parks's property two days later, Deputy Skidgel had probable cause to arrest him for criminal trespass.

I also conclude as a matter of law that Deputy Skidgel had probable cause to arrest Vogt for criminal mischief in the third degree. Vogt spread trash and debris on the property, and refused to leave or clean up the property, causing substantial inconvenience to the owner. *See* Or. Rev. Stat. § 164.345(1).

Vogt has not submitted evidence disputing these facts, and thus his Fourth Amendment claim fails.[5]

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment, ECF No. 44, should be granted, and judgment should be entered dismissing this action. A final judgment should be prepared.

///

///

---

[5] Because Vogt's claims against Deputy Skidgel fails on these grounds and those discussed *supra* § II, the court need not address whether Deputy Skidgel is entitled to qualified immunity.

7 – OPINION AND ORDER

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 3rd day of November, 2016.

Honorable Paul Papak
United States Magistrate Judge

8 – OPINION AND ORDER